In re DUNCAN'S ESTATE.

(Surrogate's Court, New York County. July 21, 1916.)

TAXATION ☞867(2)—TRANSFER TAX—SHARES OF STOCK IN DOMESTIC CORPORATION.

Where decedent had a vested interest in a trust fund distributable immediately upon her death, shares of stock of domestic corporations embraced in such fund, which were delivered to her executors upon her death by the trustees and transferred by will to her legatees, are subject to transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1682; Dec. Dig. ☞867(2).]

Proceedings to appraise the estate of Laura Duncan for transfer tax. From an order fixing the tax, the executor appeals. Affirmed.

Cadwalader, Wickersham & Taft, of New York City (Francis Smyth and Thomas B. Gilchrist, both of New York City, of counsel), for executors.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. The decedent, who was a resident of London, England, died on August 17, 1910. At the time of her death she had a vested interest in one-fifth of a trust fund created by the will of her

father, who was a resident of Massachusetts. This trust fund consisted in part of stock in corporations organized under the laws of this state, and was distributable immediately upon the death of the decedent.

The executor filed with the transfer tax appraiser an affidavit alleging that the decedent "inherited as heir at law of her father" certain shares of stock in corporations organized under the laws of the state of New York, and that she was entitled under the will of her sister, Isabella Dove, to certain shares of stock in New York corporations. The appraiser ascertained the value of the stocks mentioned in the affidavit of the executor and reported that the transfer of these shares was subject to a tax in this state.

The executor has appealed from the order and contends that the decedent's interest in the trust fund under the will of her father was at the time of her death a chose in action and therefore not taxable under the laws of this state. The facts alleged in the affidavit of the executor, however, show that immediately upon the death of the decedent the executors of her estate became entitled to receive from the trustees of her father's estate certain shares of stock in New York corporations, and while the executor does not specifically allege that he received these shares of stock he enumerates in detail the New York corporations in which the decedent's share of the trust fund was invested and the number of shares of stock in each corporation to which her estate was entitled. It is apparent, therefore, that the shares of stock in the New York corporations to which she was entitled under the will of her father were actually delivered by the trustees of his estate to the executors of her estate, and were transferred by her will to the legatees therein mentioned. The transfer of these shares having been effected by the will of the decedent, they constituted a taxable transfer under the law of this state. Matter of Wright, N. Y. Law Jour. January 13, 1914, affirmed on this point 214 N. Y. 714, 108 N. E. 1112.

The same reasoning applies to that part of the trust fund which Isabella Dove, sister of the decedent, bequeathed to her, and which consisted of stock in New York corporations delivered to the executors of decedent's estate by the trustees under the will of her father.

The order fixing tax is affirmed.